Frederick A. Migely, Appellee, v. Rudolph E. Migely et al., Appellants.

### Gen. No. 15,543.

1. FRAUD—*jurisdiction of chancery.* Chancery will take jurisdiction to set aside a trust agreement the execution of which was induced by fraudulent representations.

2. NEGOTIABLE INSTRUMENTS—*when extension of time of payment ineffective.* The extension of the time of payment of a promissory note not based upon a valid consideration and induced by fraudulent representations, is invalid and will be disregarded in a court of equity.

Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed May 31, 1911.

HALLY HAIGHT, for appellant.

KRUSE & PEDEN and ROY C. MERRICK, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

September 27, 1905, Rudolph E. Migely, Emma Migely, William Migely, Hattie Migely, Jeannette Reuss, Joseph Reuss, Andrew Migely, Catherine Migely and Walter Migely, the brothers and sisters of Frederick A. Migely, appellee, executed and delivered to Frederick A. Migely, a promissory note of $6,000, payable three years after date, with interest at five per cent per annum. On September 27, 1907, the note having by partial payments been reduced to the principal sum of about $3,500, appellee, Frederick A. Migely, deposited it in trust with his brother Rudolph E. Migely, at the same time signing with said Rudolph E. Migely a memorandum of trust, as follows:

"Chicago, Ill., Sept. 27, 1907.
I hereby voluntarily leave in trust with Rudolph E. Migely all my money, property and estate which consists of a note signed by my brothers and sisters, on which there is a balance yet due me of not exceeding $3,500.

I direct that said Rudolph E. Migely shall in no event pay me or be obligated to pay me all or any part of said money or property, prior to and until September 27, 1912.

I direct that I shall not be permitted or empowered to encumber in any way said money or property during this period of trust, and it is stipulated that any encumbrance or hypothecation thereof until September 27, 1912, shall be absolutely void.

The reason this trust is made is because I have heretofore been negligent and reckless in the management of my property and money, and have dissipated and squandered the greater part of it through drink and riotous living, and this trust is made therefore for my benefit, at my request, and in my interest, and at my solicitation, so as to put the remaining small part of my estate in such a place that I myself cannot, through any act of mine, impair it or the income thereof, until said September 27, 1912.

The consideration for this trust is that said Rudolph E.

Migely will faithfully hold said money and property and keep it invested at a reasonable rate of interest, not exceeding 5 per cent. per annum, and shall, on September 27, 1912, at Merchants' Loan & Trust Company, Chicago, Ill., turn over and deliver to me all said property and money, with interest accured thereon, less his reasonable costs, expenses and fees; and the further consideration is the foregoing premises and the consequent benefits to me and my property.

FREDERICK A. MIGELY.     (Seal.)

Witnessed by:

September 27, 1907.

I hereby accept the trust herein provided for and agree to execute and carry out the same to the best of my ability.

RUDOLPH E. MIGELY.     (Seal.)

Witnessed by:"

On December 4, 1908, appellee, Frederick A. Migely, filed in the Circuit Court of Cook county, Illinois, his bill of complaint, against the makers of the note alleging that on September 27, 1907, Rudolph E. Migely and Joseph Reuss, acting for the makers of the note, represented to him that the makers were unable to pay the note at maturity and would be so for a considerable time, and it was necessary he should extend the time of the payment of the note; that by September 27, 1907, appellee, Frederick A. Migely, had become indebted to Rudolph E. Migely and the Merchants' Loan & Trust Company, and that Rudolph had paid off the indebtedness, and it was agreed between the parties that a balance of $3,500 remained due on the $6,000 note, after deducting the indebtedness to Rudolph and the Merchants' Loan & Trust Company; and appellee further alleged that he was induced by said representations to sign and did sign the above mentioned trust memorandum, which left the note in trust with Rudolph, and provided he should not pay appellee any part of it before September 27, 1912, and that appellee should not encumber said money before September 27, 1912, and alleging that said instrument recites that the reason for making it was that appellee had heretofore been neglectful and reckless in the management of his property and had

squandered a great part of the same; and that it is further recited in said instrument that Rudolph should hold the money and invest it and on September 27, 1912, turn over to appellee the money with interest accured thereon, less the necessary expenses of administering the trust; and the bill further alleges that it was recited in said instrument that the consideration therefor was the benefits to be accrued therefrom to appellee and his property, and the terms set forth in said instrument. The bill makes the instrument as above set forth an exhibit and a part of the bill. The bill then alleges that during the negotiations recited, in the execution of said instrument appellee was represented by counsel, whom he supposed to be working in his interest, and that appellee paid little attention to the details of said instrument, and procured no copy of it at that time; that he has since learned that counsel purporting to represent him in reality represented and worked for the interest and benefit of Rudolph E. Migely and Joseph Reuss. It is alleged in the bill that the note became due September 27, 1908, and that the balance of about $3,500 thereon remains unpaid and its makers refuse to pay it, alleging as their reason the matters and purpose of said agreement. The bill further alleges that the agreement is void and without consideration; that it was procured from appellee by fraud and misrepresentation, and that it ought to be surrendered and canceled in order that he may collect the money on his note.

The bill further alleges that Rudolph E. Migely has had the note ever since September, 1907, and now holds it, and refuses to deliver it to appellee or allow him to see it, or copy it, or to furnish appellee with a copy thereof.

The bill makes the makers of the note defendants, and prays for an answer without oath, an accounting and decree that the makers pay whatever sum appears to be due appellee on taking the account, and that the defendants be decreed to deliver up the agreement to be canceled, and to deliver to appellee his note, and that the contract be decreed null and void and the note decreed to be the property of appellee free of any claim of defendants.

The bill prays for summons to be issued in several counties, but service was had only on Rudolph E. Migely. Rudolph E. Migely appeared and demurred generally and specially to the bill, on several grounds, which it is not necessary to set out in detail. Appellee subsequently dismissed his suit as to all defendants except Rudolph E. Migely, and a hearing was had on February 1, 1909, on the demurrer to the bill. The court overruled the demurrer; whereupon, Rudolph E. Migely elected to stand by his demurrer, and the court thereupon entered decree upon the bill, taking it as confessed, finding the facts substantially as set out in the bill and granting the relief prayed for. From this decree Rudolph E. Migely prosecutes this appeal.

In our opinion the bill shows facts entitling the complainant to equitable relief. The facts as stated in the bill were admitted by the demurrer and must be treated on this appeal as having been admitted to be true. The instrument described in the bill was a mere volunteer placing of the note in the hands of the defendant without consideration and it was revocable. We think under the averments of the bill the execution of the trust agreement under which the note was placed in the hands of the defendant Rudolph E. Migely, was procured by fraud and deception, and that the complainant makes out in his bill a clear case of being overreached and fraudulently induced to place his property in the hands of the defendant; that the legal advice which he relied upon in the matter of the execution of said instrument seems to have been given rather in the interest of the defendant than in the interest of the complainant.

The decree ordered the note delivered to the complainant, and declared the trust instrument null and void, and we think it just and equitable and it is therefore affirmed.

*Affirmed.*